UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Timothy Mapp,<br><br>                              Plaintiff,<br><br>v.<br><br>Dayle Allison Vinzant, dba Ted Smith Law,[1]<br><br>                              Defendant. | Case No.:  23-cv-2306-GPC-BLM<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF No. 3]** |
|---|---|

     Pending before the Court is Defendant's Motion to Dismiss.  For the reasons that follow the motion is **DENIED**.  The hearing set for May 3, 2024, is vacated.

     Plaintiff claims that Defendant, a debt collector, violated the Federal Fair Debt Collection Practices Act ("FDCPA") when he brought an action seeking to evict Plaintiff for the alleged non-payment of rent.  Plaintiff alleges that rent had in fact "already been paid" or its collection "was time-barred," but that Defendant "continually harassed" him

---

[1] Plaintiff admits that he inadvertently left a reference to "DOE" defendants in the caption of the complaint and does not intend to pursue any "DOE" defendants.  The Clerk is directed to correct the docket to reflect this admission.

1

about this "false rental debt that was not owed in the amount alleged or any amount and which was not a valid basis to pursue an unlawful detainer action against Plaintiff." ECF No. 1 ("Complaint") at ¶¶ 2, 17.  Plaintiff further alleges that Defendant sought to seize possession of his home on the basis of this false rental debt. *Id.*  Accordingly, Plaintiff alleges that Defendant violated six provisions of the FDCPA:

  a. 15 U.S.C. §1692e(2)(A) by making a false representation of the character, amount, or legal status of the alleged debt;
  b. 15 U.S.C. §1692e(4) by implying that nonpayment of a debt will result in the seizure of property or garnishment of wages when such actions would not be lawful;
  c. 15 U.S.C. §1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;
  d. 15 U.S.C. §1692e(10) by making use of a false representation or deceptive means to collect or attempt to collect a debt;
  e. 15 U.S.C. §1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and
  f. 15 U.S.C. §1692f(1) by attempting to collect an amount not permitted by law.

Complaint at ¶ 19.

Defendant challenges the complaint on two grounds.  First, Defendant argues that the complaint must be dismissed because Plaintiff was in fact behind on his rent. Defendant argues that because "Plaintiff resided at the Property for years without paying the rent that he agreed to when he signed the lease," Defendant's legal action was proper. ECF No. 3-1 at 2.  But that is a factual dispute not properly raised in a motion to dismiss where the Plaintiff's allegations are assumed to be true.  Defendant attaches several documents, including a three-day notice to pay rent from 2023 that he alleges support his claim, but those documents are not properly before the Court under Rule 12(b)(6).[2]

---

[2] Defendant did not submit a request for judicial notice of the exhibits attached to his motion, which include a letter sent in December of 2022, and a subsequent three-day notice served in March of 2023.  The Court declines to sua sponte judicially notice the

2

Accordingly, Defendant's factual argument that Plaintiff was behind on his rent is not persuasive at this time.

Defendant also argues that Plaintiff's claim should be dismissed because the complaint does not allege "anything other than a good faith effort to recover a legitimate debt." ECF No. 3-1 at 3. But the burden to plead a good faith defense rests with Defendant, and its mere specter is not sufficient to defeat the complaint at the motion to dismiss stage. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (holding that affirmative defense cannot serve as basis for dismissal unless obvious on face of complaint); 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."). Plaintiff alleges that Defendant falsely represented that a rental debt was owed and falsely stated that the demand for the rent justified eviction and property seizure, Complaint at ¶ 17. Plaintiff further alleges that "Defendant did not maintain procedures reasonably adapted to avoid any such violation," Complaint at ¶ 4. The Court finds that these allegations plausibly state a claim for relief at the motion to dismiss stage and that Defendant has not shown that a good faith defense is "obvious" on the face of the complaint.

Finding neither of Defendant's arguments persuasive, the Court **DENIES** the Motion to Dismiss.

///

---

extrinsic exhibits, and accordingly declines Plaintiff's invitation to treat the motion as one for summary judgment. *Cf. Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**IT IS SO ORDERED.**

Dated: April 26, 2024

Hon. Gonzalo P. Curiel
United States District Judge